IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

United States of America,

    Plaintiff,

        vs.         Case No. 14-10005-01-JTM

David G. Nicholas, Jr.,

    Defendant.

MEMORANDUM AND ORDER

The Indictment charges defendant David G. Nicholas, Jr., with being a felon and fugitive from justice possessing a .22 caliber revolver, a Remington Model 7600 30-06 rifle, and ammunition.

This matter is before the court on the defendant's Motion to Suppress, which argues that the rifle first retrieved from the rear passenger compartment of the truck at the place of the arrest was not in plain view. (Dkt. 77, at 2). A subsequent search of the truck discovered the handgun and ammunition under the front seat of the truck. The court heard evidence and argument relating to defendant's motion, which is hereby denied.

The evidence establishes that Special Agents of the Kansas Department of Corrections (KDOC) and the United States Marshals sought Nicholas as a fugitive. In

September, 2013, they learned that Nicholas was associated with co-defendant Kendra Henry. On September 12, the officers approached Henry's residence in Hillsboro, Kansas. Henry told the officers that Nicholas was inside and was armed. However, Nicholas evaded the officers. The officers then told Henry that she should not provide further aid or shelter to Nicholas.

The officers later learned that Nicholas would be at Indian Hills Meat and Poultry on October 3, 2013. And the officers indeed found Nicholas and Henry at the store in a 2007 Dodge Ram truck registered to Henry. Their arrest of Nicholas was captured on store's video system, and presented in evidence.

The video shows only the driver's side of Nicholas's four-door pickup truck. However, from the movement of the officers it is clear that the agents approached both sides of the truck.

KDOC Special Agent Norman Richardson approached the passenger side of the truck, and removed Henry from the front seat. He also saw two children and a large dog in the back seat area. In addition, Richardson saw a rifle on the floor board below the children's feet.

Richardson announced this to officers on the driver's side, who were still securing Nicholas. An officer opened the rear driver's side door, but remained outside the truck.

After Nicholas was removed and handcuffed, KDOC Special Agent Brandon Bansemer left the camera's view to retrieve evidence-handling gloves. He returned a few seconds later, opened the rear passenger door, reached inside, and retrieved the rifle.

2

The rifle could have been lawfully obtained through either of two means. First, the rifle could have been properly seized if it was in the plain view of the officers. *Horton v. California*, 110 S.Ct. 2301, 2308 (1990). Under *Horton*, no warrant is required to seize evidence if (1) the officer lawfully reached the position from which he plainly could view the seized object; (2) the seizure must satisfy the probable cause standard, and (3) the plain view exception to the warrant requirement necessitates that the officer "have a lawful right of access to the object itself." *Horton*, 496 U.S. at 136, 138; *Soldal v. Cook County*, 506 U.S. 56, 66 (1992).

Because Nicholas is a convicted felon, any possession of a firearm was automatically illicit. And, in light of the fugitive warrant, the officers clearly had a right to seek his apprehension and to approach his truck, which was located in the parking lot of a commercial business. Nicholas had fled during a previous attempt to apprehend him. In addition, the officers learned that Nicholas had been armed.

The court finds that Special Agent Richardson testified credibly that he was able to view the rifle while standing alongside the truck. Richardson was entitled to stand alongside the truck. The two young children in the rear compartment were crying and upset. In addition,, Richardson was concerned that the large dog in the rear seat could be dangerous.[1] Given these circumstances, as noted at the hearing, the court finds that Richardson was entitled to open the doors to see to the welfare of the children.

---

[1] As Richardson testified, he only later learned that it was in fact "a pretty nice dog."

The court notes the testimony of Ms. Harris, who testified that her father had taught her firearm safety, and that it was a family practice to place their firarms on the vehicle floor board, covering them up with a rifle sleeve, or jacket. The court notes, however, that Ms. Harris merely testified to her general practice, and stated, "I don't remember specifically covering it up with something." Harris stated that she was in charge of packing the truck, but, when specifically asked if she knew how the firearms got in the truck, Harris eqivocated, saying "I'm not a hundred percent sure," and that "there was a lot that happened that day."

As noted earlier, the court finds the testimony of Special Agent Richardson to be consistent and credible. With the arrest of the adults in the truck, Richardson appropriately acted to see to the distraught young children left alone in the vehicle. The rifle was in plain view at the feet of the children, and the evidence was properly seized.

The government argues in the alternative that the gun could have been properly seized during the course of a protective sweep which occurred while Nicholas was still in the vicinity of the truck. *See Michigan v. Long*, 463 U.S. 1032, 1049, 103 S.Ct. 3469, 77 L.Ed.2d 1201 (1983). However, it light of the court's conclusion that the rifle was in plain view, it need not address this additional argument.

IT IS ACCORDINGLY ORDERED this 5th day of May, 2015, that the defendant's Motion to Suppress is denied.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE